# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wesley Gene Duran,<br><br>  Petitioner,<br><br>v.<br><br>James O'Neil, et al.,<br><br>  Respondents. | No. CV 15-02336-PHX-SPL (DMF)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT JUDGE:**

Petitioner Wesley Gene Duran ("Petitioner" or "Duran") filed a *pro se* Petition for Writ of Habeas Corpus ("Petition") on November 17, 2015 (Doc. 1). Petitioner names James O'Neil, warden of ASPC – Eyman, as Respondent and the Arizona Attorney General as an additional respondent. On January 12, 2016, this Court ordered Respondents to answer the Petition, but it permitted Respondents to file an answer limited to affirmative defenses (Doc. 5). Respondents have filed a limited answer (Doc. 15), and Petitioner did not file a reply despite being granted an extension of time to do so (Doc. 17).

As explained below, the Court recommends that the Petition be denied and dismissed with prejudice because: (1) he did not exhaust his ineffective assistance of counsel claim asserted in Ground One, which is now procedurally barred; and (2) his arguments in Ground Two regarding "duplicity and multiplicity" of the counts of his indictment do not support granting his Petition pursuant to 28 U.S.C. § 2254(d).

## I. BACKGROUND

### A. Summary of Trial, Direct Appeal and Post-Conviction Relief Proceedings

Petitioner's indictment charged him with counts of sexual abuse of his then step-daughter during an extended period when she was between the ages of ten and fifteen. (Doc. 15-3 at 61-63)[1] Petitioner was convicted by jury in the Maricopa County Superior Court of five counts of child molestation, seven counts of sexual conduct with a minor, and one count each of public sexual indecency to a minor, sexual abuse of a victim under age 12, unlawful imprisonment, and furnishing harmful items to a minor. (Doc. 15-1 at 127) Petitioner was sentenced to five consecutive life sentences and a term of 57 years (Doc. 15-2 at 4-5). Upon Petitioner's direct appeal of his conviction and sentencing, the Arizona Court of Appeals on February 14, 2012 affirmed in part, and vacated and remanded in part. (Doc. 15-3 at 59-74; State v. Duran, No. 1-CA-CR 10-0167, 2012 WL 460467, at *1 (Ariz. App. Feb. 14, 2012)). The court remanded counts 8 and 13(a) to the sentencing court for resentencing (Doc. 15-3 at 73), after which Petitioner's sentence was adjusted to four consecutive life sentences and a term of 77 years (Doc. 15-7 at 69). Petitioner subsequently was denied post-conviction relief by the trial court (Doc. 15-6 at 2-5), after which the Arizona Court of Appeals granted review, but denied relief (Doc. 15-7 at 16-19).

### B. Issues Raised On Direct Appeal

Petitioner's appointed counsel on direct appeal of his conviction and sentencing filed a brief advising the appellate court he was unable to identify "any arguable question of law that [was] not frivolous[,]" citing *Anders v. California*, 386 U.S. 738 (1967). (Doc. 15-2 at 32) He also filed a motion for leave for Petitioner to file a supplemental brief *in propria persona*. (*Id.*)

In his supplemental brief, Petitioner asserted the following grounds for relief: (1)

---

[1] Respondents included a list of exhibits with their Limited Answer. (Doc. 15 at 23-25) The document and page references used herein for those exhibits are to this Court's electronic record.

"whether the prosecutor committed prosecutorial misconduct during opening and closing arguments"; (2) "whether the trial court abused its discretion when it granted the State's motion to amend the charging document"; (3) "whether the court abused its discretion in sentencing [Petitioner] to a lengthy grossly disproportionate sentence amounting to cruel and unusual punishment"; (4) "whether [Petitioner's] conviction of multiple counts for a single incident violated double punishment under A.R.S. § 13-116 and Double Jeopardy under the Fifth Amendment"; (5) "whether allowing the admittance of the confrontation call and publication of its transcript to the jury was fundamental error"; and (6) whether the court abused its discretion in allowing the State to admit evidence of other crimes, wrong, or acts." (Doc. 15-3 at 14-15)

As set forth above in Section I(A), the court of appeals denied relief on all counts, except that it remanded sentencing counts 8 and 13(a) to the trial court for resentencing. (Doc. 15-3 at 72-73)

### C. PCR Proceedings

After Petitioner filed a notice of post-conviction relief ("PCR") (Doc. 15-4 at 9-12), he was assigned counsel for review of his case (*Id.* at 14-15). Petitioner's supplemental petition for post-conviction relief asserted the following grounds for relief: (1) "whether the trial court's application of sentencing guidelines violated the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution [or] Article II, sections 4, 15, and 24 of the Arizona Constitution"; (2) "whether the denial of Petitioner's right to compel the presence of witnesses and other evidence violated Fifth, Sixth, and Fourteenth Amendments of the United States Constitution [or] Article II, sections 4 and 24 of the Arizona Constitution; (3) whether [the] State's amendment of the indictment violated the Fifth and Fourteenth Amendments of the United States Constitution [or] Article II, sections 4 and 24 of the Arizona Constitution; (4) whether [the] trial counsel's representation [was] insufficient and inadequate, thus violating Petitioner's right to competent representation as guaranteed by the Sixth Amendment of the United States Constitution [or] Article II, section 24 of the Arizona Constitution; (5)

whether appellate counsel provided effective assistance by failing to investigate and raise due process, equal protection and fair trial issues as guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution [or] Article II, sections 4, 13, and 24 of the Arizona Constitution; (6) whether [the] State's egregious infringement of attorney-client privilege violated the Fifth and Fourteenth Amendments of the United States Constitution [or] Article II, sections 4 and 24 of the Arizona Constitution; and (7) whether interception of the "confrontation calls" by the Surprise Police Department and whether the calls were edited violated [18 U.S.C. §2515], Mississippi laws and statutes, and [Petitioner's] rights as guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution [or] Article II, Sections 4, 13 and 24 of the Arizona Constitution." (Doc. 15-5 at 4)

The trial court denied Petitioner's PCR claims 1, 2, 3, 6 and 7 as precluded under Rule 32.2(a) of the Arizona Rules of Criminal Procedure because they either were raised or could have been raised on direct appeal. (Doc. 15-6 at 1-4) Petitioner's claims 4 and 5 involved ineffectiveness of trial and appellate counsel, respectively. The trial court found that each count lacked merit. (*Id.* at 3)

Petitioner then filed a petition for review with the Arizona Court of Appeals. (Doc. 15-6 at 7-18) The court held that Petitioner had failed to meet his burden of showing the trial court abused its discretion in denying claims 1, 2, 3, 6 and 7 as precluded. (Doc. 15-7 at 18) As to claim 4, the court of appeals found that Petitioner "failed to meet his burden of demonstrating the court abused its discretion" by rejecting his claim of ineffective assistance of trial counsel. (*Id.* at 19) The court further held that "because [Petitioner] has failed to establish how appellate counsel's performance was deficient or that he was prejudiced thereby …[2], or to explain why the court should have provided relief on this ground, he has not met his burden on review, *see* [Arizona Rules of Criminal Procedure] 32.9(c)(1)(iv)." (*Id.* at 19) Petitioner did not file a motion for reconsideration, or a petition for review with the Arizona Supreme Court, and the mandate was issued. (*Id.* at

---

[2] Citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

- 4 -

21-22)

Duran's timely Petition for Writ of Habeas Corpus followed. (Doc. 1)

## II. PETITIONER'S HABEAS CLAIMS

Petitioner raises two grounds for relief. In Ground One, Petitioner alleges that he did not receive the effective assistance of counsel, in violation of his Sixth Amendment rights such that he was subjected to an unfair trial and subsequently burdened with an unreasonable sentence. (Doc. 1 at 6, 16-18) Ground One refers to the federal sentencing statute 18 U.S.C. § 3553(a)(2), which is not applicable to his state conviction and sentencing. (Doc. 1 at p. 6). In Ground Two, Petitioner asserts that several counts on which he was convicted by the State are multiplicitous or duplicative, and that his many separate charges of sexual misconduct against his single victim should have been considered as a continuing course of conduct, rather than as separate crimes. (*Id.* at 8, 18-19).

## III. LEGAL ANALYIS

### A. Exhaustion/Procedural Bar

A state prisoner must properly exhaust all state court remedies before this Court can grant an application for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Arizona prisoners properly exhaust state remedies by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).

In addition to being presented in the proper forum, a petitioner's claims must be "fairly presented." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In other words, a petitioner must provide the state court "with an opportunity to apply controlling legal principles to the facts bearing upon his [federal] constitutional claim." *Picard v.* Connor, 404 U.S. 270, 277 (1971) (citation and internal quotation marks omitted). To be fairly presented, a claim must include a statement of the operative facts and the specific federal legal theory.

*Baldwin*, 541 U.S. at 32-33; *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan*, 513 U.S. at 365-66; *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("The mere similarity between a claim of state and federal error is insufficient to establish exhaustion.").

Articulating the specific applicable federal theory is often referred to as federalizing a claim. To federalize a claim, it is not enough to simply cite the general federal constitutional provision and/or buzzwords unaccompanied by federal constitutional analysis. *See Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2001) ("Exhaustion demands more than a citation to a general constitutional provision, detached from any articulation of the underlying federal legal theory"); *Castillo v. McFadden*, 399 F.3d 993, 1002-03 (9th Cir. 2005) (habeas petitioner did not give the state appellate court a fair opportunity to rule on a federal due process claim by concluding his brief with "drive-by" citation of federal constitutional provisions, "detached from any articulation of an underlying federal legal theory"); *Hiivala*, 195 F.3d at 1106 ("[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion."); *Galvan v. Alaska Dep't Corr.*, 397 F.3d 1198, 1204–05 (9th Cir. 2005) ("[T]he prisoner must 'fairly present' his claim in each appropriate state court … thereby *alerting* that court to the federal nature of the claim.") (emphasis added, citation omitted).

A claim can also be subject to an express or implied procedural bar. *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). An express procedural bar exists if the state court has denied or dismissed a claim based on a procedural bar "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989); *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (Arizona's "Rule 32.2(a)(3) determinations are independent of federal law because they do not depend upon a federal constitutional ruling on the merits"); *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) ("adequate" grounds exist when a state strictly or regularly follows its procedural rule). *See also Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Robinson*, 595 F.3d at 1100.

An implied procedural bar exists if a claim was not fairly presented in state court and no state remedies remain available to the petitioner. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Poland v. Stewart*, 169 F.3d 573, 586 (9th Cir. 1999); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). This Court may review a procedurally defaulted claim if the petitioner can demonstrate either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *States v. Frady*, 456 U.S. 152, 167-68 (1982). The miscarriage of justice exception to procedural default "is limited to those *extraordinary* cases where the petitioner asserts his [actual] innocence and establishes that the court cannot have confidence in the contrary finding of guilt." *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008) (emphasis in original). To pass through the actual innocence/*Schlup* gateway, a petitioner must establish his or her factual innocence of the crime and not mere legal insufficiency. *See Bousley v. U.S.*, 523 U.S. 614, 623 (1998); *Jaramillo v. Stewart*, 340 F.3d 877, 882–83 (9th Cir. 2003). To prove a "fundamental miscarriage of justice," a prisoner must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

### B.    Ground One: Whether Petitioner Received Ineffective Assistance of Counsel Resulting In An "Unreasonable" Sentence

In Ground One of the Petition, Duran essentially argues that he received an "unreasonably" lengthy sentence resulting from ineffective assistance of his trial counsel. (Doc. 1 at 6, 16-18) He asserts that he "did not have a chance at a fair trial or outcome due to circumstances of which he could not have been aware at the time of the judicial proceedings." (Doc. 1 at 16) The circumstances to which Petitioner refers are: (1) that Petitioner's trial attorney was allegedly placed on probation by the Arizona State Bar in April 2013 and again in March 2015, well after Petitioner's trial and sentencing concluded in February 2010; and (2) that the Maricopa County Attorney and his Office were being investigated at the same time as Petitioner's judicial proceedings. (*Id.*) Under

these circumstances, Petitioner contends that he "did not stand a chance when it came to fairness." (*Id.* at 16-17) While Petitioner describes protections of the Sixth Amendment right to effective assistance of counsel in criminal proceedings, and also notes case law addressing those protections (including *Strickland v. Washington*, 466 U.S. 668 (1984)), he offers no argument detailing how his trial counsel's performance fell below an objective standard of reasonableness or how counsel's allegedly deficient performance specifically prejudiced him. (*See id.* at 16-18)

Petitioner did not raise this particular claim of ineffective assistance of counsel ("IAC") in his state PCR action, although he did raise other IAC claims. The claim Petitioner raised in his PCR action dealt with an argument that his trial counsel erred by not raising "compelling legal arguments" addressing Petitioner's purportedly defective indictment. (Doc. 15-5 at 13-14) Petitioner did not exhaust the IAC claim he raises for the first time here, since "[a]s a general matter, each 'unrelated alleged instance [ ] of counsel's ineffectiveness' is a separate claim for purposes of exhaustion." *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) (quoting *Moorman v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005)).

To meet the exhaustion requirement, Petitioner needed to fairly present his claim to the Arizona Court of Appeals by providing the facts underlying, and the federal basis for, the claim. An implied procedural bar now exists to prevent Petitioner from raising his unexhausted claim of IAC and no state remedies remain available to him because he is precluded or time-barred from raising his claim in a successive and untimely Rule 32 petition under Arizona Rules of Criminal Procedure 32.1(d)-(h), 32.2(a) & (b), or 32.4(a).[3]

---

[3] Arizona's preclusion rules have repeatedly been found to be independent and adequate state grounds. *See Coleman v. Thompson*, 501 U.S. 722; *Poland v. Stewart*, 169 F.3d 573, 577-78 (9th Cir. 1998) ("Arizona's procedural rules are consistently and regularly followed and are adequate to bar federal review[,]" discussing application by an Arizona PCR trial court of Arizona Rule of Criminal Procedure 32.2); *Ortiz v. Stewart*, 149 F.3d 923, 931-32 (9th Cir. 1998) (finding that Rule 32.2 was consistently and regularly applied); *Stewart v. Smith*, 536 U.S. 856, 861 (2002) (holding that state court preclusion of petitioner's IAC claim pursuant to Rule 32.2 was independent of federal law).

Although Duran does not expressly assert this in his Petition, it appears that he may be attempting to argue that his trial counsel's disciplinary action several years <u>after</u> Petitioner's trial, and the investigation of the Maricopa County Attorney at the time of the trial somehow establish cause for his procedural default. But Petitioner offers no evidence linking his counsel's representation or the prosecution of his trial to these broad assertions, which fall woefully short of meeting his burden of establishing cause. Petitioner has failed to demonstrate either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. Accordingly, the Court cannot review his Ground One claim, and this claim should be dismissed.

    **C.    Ground Two: Whether Petitioner's Double Jeopardy Rights Were Violated**

In their Answer, Respondents contend that Petitioner's second habeas claim is not cognizable on federal habeas review. As Respondents note, in Ground Two of his Petition, Duran does not specifically mention the violation of any right under the Constitution or of other laws of the United States. However, Petitioner exhausted this claim on direct appeal to the Arizona Court of Appeals (Doc. 15-3 at 43-47) and there argued that "the charges of sexual abuse and molestation of a child are lesser included offenses of sexual conduct with a minor and his conviction of multiple counts for one incident violates A.R.S. §13-116 Double Punishment and Double Jeopardy under the Fifth Amendment of the U.S. Constitution." (*Id.* at 44; *see also* 46) Respondents' answer included argument on the merits of Petitioner's double jeopardy/double punishment claim. (Doc. 15 at 20) Because the State court adjudicated Petitioner's claim on the merits, and he asserted Fifth Amendment Double Jeopardy rights within that adjudication, the Court will exercise its discretion to reach the merits of Petitioner's Ground Two.

Petitioner essentially argues that his indictment should have considered all allegations of sexual misconduct that occurred during a single incident to be one offense, rather than multiple crimes. (Doc. 1 at 3-4) In his brief on direct appeal to the Arizona Court of Appeals, he explained that Counts 1 and 2 of his indictment (each alleging

- 9 -

molestation of a child under the age of 12), and Count 3 (alleging sexual conduct with a minor under the age of 12) arose from the same incident. (Doc. 15-3 at 43) Petitioner further indicated that Count 5 (alleging sexual abuse of a minor), Counts 6 and 8 (each alleging sexual conduct with a minor under the age of 12), and Count 7 (molestation of a child under the age of 12) all arose from another single incident. (*Id.*) Petitioner added that Counts 10 and 11, each alleging sexual conduct with a minor under age 12, were based on another single incident. (*Id.*) Finally, Petitioner noted that Count 14 (alleging molestation of a child under age 15) and Counts 15 and 16 (each alleging sexual conduct with a minor under the age of 15) also arose from a separate single incident. (*Id.*)

In his appellate brief, Petitioner argued that "charges of sexual abuse and molestation of a child are lesser included offenses of sexual conduct with a minor" such that his "conviction of multiple counts for one incident violates both A.R.S. §13-116 (Double Punishment) and the Double Jeopardy Clause of the U.S. Constitution." (*Id.* at 44) A.R.S. § 13-116 requires that "[a]n act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent."

The counts of Petitioner's indictment indicated that where there were multiple charges within the same incident, the charges alleged a distinct, separate sexual act. (Doc. 15-1) Count 1 alleged he engaged in sexual contact with the victim by touching her over her clothes; Count 2 alleged he molested her by engaging in digital/penile contact; and Count 3 involved oral/penile contact, each act occurring during the same incident. (Doc. 15-1 at 7) A separate incident was addressed in Counts 5 through 8, encompassing the following allegations: direct or indirect touching, fondling or manipulating any part of the victim's breast in Count 5; engaging in oral/vaginal contact in Count 6; engaging in skin to skin digital contact with the victim's genitals in Count 7; and oral/penile contact in Count 8. (*Id.* at 8; Doc. 15-3 at 43) The indictment alleged that in Count 10, Petitioner engaged in oral/vaginal contact with his victim in the shower, and in Count 11 that he engaged in oral/penile contact in the shower, which Petitioner stated were part of the same incident. (*Id.* at 9; Doc. 15-3 at 43) Petitioner noted that Counts 14 through 16 also

arose from the same incident. (Doc. 15-3 at 43) The indictment further alleged that Petitioner touched the victim's genitals in Count 14; that he engaged in oral/vaginal contact in Count 15; and also put his fingers in the victim's vulva in Count 16. (Doc. 15-1 at 10)

Petitioner has failed to establish that the state court's adjudication of this claim was contrary to, or involved an unreasonable application of federal law, or that it was based on an unreasonable determination of the facts. The Double Jeopardy Clause of the Fifth Amendment is intended not only to prevent a person from being tried twice for the same offense but also from being punished twice for that offense. *Witte v. United States*, 515 U.S. 389, 395-96 (1995). The U. S. Supreme Court instructs that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the applicable test to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). This Court has found that *Blockburger* further instructs that where a factual distinction between transactions exists, the offenses are not considered continuous. *Vickery v. Ryan*, No. CV-13-00221, 2014 WL 6633475, at *9 (D. Ariz. May 12, 2014).

On direct appeal of Petitioner's convictions, the Arizona Court of Appeals rejected his argument that his conviction for multiple crimes within a single incident violated double jeopardy and double punishment protections under the Fifth Amendment and A.R.S. § 13-116 , stating:

> [a]lthough multiple charges against Duran arose from single sexual encounters with the victim, they represented separate sexual acts and "[m]ultiple sexual acts that occur during the same sexual attack may be treated as separate crimes." *State v. Boldrey*, 176 Ariz. 378, 381, 861 P.2d 663, 666 (App. 1993). Further, although Duran argues the other crimes were "lesser included offenses" of the sexual conduct with a minor crimes, there was sufficient separate evidence to convict Duran of each of the charges and under the circumstances in this case it was not "factually impossible" for Duran to have committed sexual conduct with a minor without committing the other crimes for which he was convicted. Thus, mandatory consecutive sentences for the sexual conduct with a minor

convictions were permissible under A.R.S. § 13-116. *Id.* at 382-83, 861 P.2d at 667-68 (analyzing consecutive sentences for multiple sexual acts under *State v. Gordon*, 161 Ariz. 308, 778 P.2d 1204 (1989) and *State v. Tinghitella*, 108 Ariz. 1, 491 P.2d 834 (1971)).

(Doc. 15-3 at 70).

The Arizona Court of Appeals found that the "separate sexual acts" underlying each count of Petitioner's indictment were properly treated as separate crimes, and that there was "sufficient separate evidence" to support his convictions for each count. (*Id.*) Additionally, the court of appeals found that separate, distinct evidence supported its finding that Duran committed crimes of sexual conduct with a minor as well as the other crimes for which he was convicted. (*Id.*) Accordingly, because each of Petitioner's convictions was supported by evidence of a separate, distinct act, he was not charged or punished twice for the same offense. This Court concludes that the Arizona Court of Appeals' adjudication of this claim was: (1) not contrary to, and did not involve an unreasonable application of, clearly established Federal law; and (2) not based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d).

**IT IS THEREFORE RECOMMENDED that** the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS FURTHER RECOMMENDED that** a Certificate of Appealability be denied because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may

result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapi*a, 328 F.3d 1114, 1121 (9th Cir.2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

Dated this 27th day of January, 2017.

Honorable Deborah M. Fine
United States Magistrate Judge